UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:11-CV-00039-TBR

DAX R. WOMACK                                                                Plaintiff

v.

MATT CONLEY;
STEPHANIE CONLEY;
CONNIE KNIGHT;
ROBERT SHOULTZ;
JASON KIRK;
SCOTT INGRAM;
DAVID CRAFTON;                                          Defendants

**MEMORANDUM OPINION AND ORDER**

Defendants, Kentucky State Police Captain Robert Shoultz and Kentucky State Police Sergeant Jason Kirk, move to strike the supplemental report of Gilbert L. Mathis. (Docket No. 115.) Defendants David Crafton and Scott Ingram have responded. (Docket No. 116.) Plaintiff Dax Womack has responded. (Docket No. 118.) Defendants Kirk and Shoultz have replied. (Docket No. 119.)

This matter is now ripe for adjudication. For the reasons that follow, this motion is **DENIED**. To the extent the Defendants wish to depose Mathis on this new, supplemental report, the Court **ORDERS** Plaintiff to make Gilbert L. Mathis available to Defendants to depose. Additionally, the Court **ORDERS** Plaintiff to produce his income information for 2011, 2012, and 2013 to Defendants by October 25, 2013.

Defendants argue the supplement report of Gilbert L. Mathis should be stricken, as it is untimely and prejudicial to the Defendants. The Scheduling Order, (Docket No. 37), set the Plaintiff's deadline for expert disclosures on March 1, 2012. The deposition of Mathis occurred on July 18, 2013. The supplemental report was filed beyond the time for expert disclosures and outside the deadline for discovery. The Defendants argue the supplemental report is particularly prejudicial because trial is scheduled for November 18, 2013, and they are unable to depose Mathis regarding this supplementation.

Mathis was timely disclosed as an expert on March 1, 2012. (Docket No. 44.) The purpose of this supplemental report was to include additional, actual monthly receipts from Plaintiff during the period of January 2012 through July 2013. Mathis' prior report calculated Womack's lost earnings for the period of July 2010 through December 2011. (Docket No. 44-1.) The supplemental report calculates lost earnings for the period of January 2012 through July 2013. (Docket No. 100-1.) Plaintiff states the reason for the late filing of the supplemental report is because it would have been impossible to calculate lost earnings any further into the future because actual earnings data was not yet available.

As to Defendant's assertion that a report cannot be supplemented because discovery has closed, Plaintiff argues such a holding would mean that lost wage damages would necessarily be cut off or ended with the close of discovery. Essentially, Plaintiff argues it is necessary to supplement the expert's report to include lost earnings based on newly available actual earnings data.

As for Defendant's prejudice argument, other than the obvious implications of the update of lost wage data, Plaintiff argues there is no prejudice. Mathis simply calculated the additional actual income data and compared it to the expected income line that was calculated in the initial report. (Docket No. 118-2.)

The Court agrees with Plaintiff's arguments. It would have been impossible to calculate lost earnings any further into the future previously because actual earnings data was not yet available. Defendant's argument that the report cannot be supplemented because discovery has closed and it would be too prejudicial is without merit. The prior report makes apparent that Plaintiff's theory of lost wages is premised on the difference between his actual earnings and the expected income line Mathis formulated. Therefore, Defendants were on notice that new, actual earnings data could supplement Plaintiff's lost wages theory and the report. Accordingly, the Court will **DENY** Defendants' Motion to Strike the supplemental report of Gilbert L. Mathis.

However, Defendant's reply brief alleges that that Plaintiff Womack has yet to produce his income information for 2011, 2012, and 2013. Accordingly, the Court **ORDERS** Plaintiff to produce his income information for 2011, 2012, and 2013 to Defendants by October 25, 2013. Defendants also voice concern over their inability to depose Mathis regarding this new, supplemental report. To the extent the Defendants wish to depose Mathis on this new, supplemental report, the Court **ORDERS** Plaintiff to make Gilbert L. Mathis available to Defendants to depose.

## CONCLUSION

For these reasons, and consistent with the Court's conclusions above,

IT IS HEREBY ORDERED as follows:

(1) **IT IS HEREBY ORDERED** that Defendants' Motion to Strike the supplemental report of Gilbert L. Mathis is **DENIED**. (Docket No. 115.)

(2) **IT IS HEREBY ORDERED** Plaintiff produce his income information for 2011, 2012, and 2013 to Defendants by October 25, 2013.

(3) **IT IS HEREBY ORDERED** to the extent the Defendants wish to depose Mathis on this new, supplemental report, Plaintiff make Gilbert L. Mathis available to Defendants to depose.

IT IS SO ORDERED.

Date:

cc: Counsel